NO. 07-06-0419-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 23, 2006


______________________________



TERRA XXI, LTD., TERRA PARTNERS, VEIGEL FARMS, INC.,


ROBERT W. VEIGEL AND ELLA MARIE VEIGEL, APPELLANTS



V.



AG ACCEPTANCE CORPORATION, APPELLEE


_________________________________



FROM THE COUNTY COURT OF DEAF SMITH COUNTY;



NO. CI-2006-04972; HONORABLE ROLAND D. SAUL, JUDGE


_______________________________




Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J. (1)

ON MOTION FOR EMERGENCY STAY


 On October 20, 2006, appellants Terra XXI, Ltd., Terra Partners, Veigel Farms, Inc.,
Robert W. Veigel and Ella Marie Veigel filed their notice of appeal from the county court's
judgment signed October 12, 2006, together with a motion for an emergency stay of "the
issuance and/or execution" of a writ of possession. Appellants' motion for emergency stay
is based on the absence of a court order setting a supersedeas bond. It now appearing
that, on October 20, the county court signed an order setting the bond, appellants' motion
for emergency stay is denied.

 It is so ordered.


 Per Curiam 




 



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 


counts of indecency with a child and
one count of aggravated sexual assault of a child. 

 At trial, appellant pled guilty to the two counts of indecency with a child, but pled not
guilty to the aggravated sexual assault of a child charge. During the trial, Moore, her
daughter, and a police officer testified to observing on the digital recording appellant placing
his mouth on Moore's daughter's vaginal area. Further, a condensed version of the digital
recording showing the alleged improper contact was introduced into evidence and shown
to the jury. The jury returned a guilty verdict and the trial court sentenced appellant to life
in the Institutional Division of the Texas Department of Criminal Justice.

 Appellant raises two issues on appeal contending that the trial court should have
entered directed verdicts based on legally and factually insufficient evidence. 

 Applicable Law and Analysis

 The standard of review applicable to the denial of a motion for directed verdict is the
same as that applied in reviewing the sufficiency of the evidence. Williams v. State, 937
S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683, 686
(Tex.Crim.App. 1990) (challenge to the trial judge's ruling on a motion for an instructed
verdict is a challenge to the sufficiency of the evidence). When reviewing challenges to
both the legal and factual sufficiency of the evidence to support the verdict, we first review
the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.
1996). If the evidence is legally sufficient to support the verdict, we then review the factual
sufficiency challenge if one is properly raised. See id. at 133. 

 In reviewing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and
credibility of the evidence. Jackson, 443 U.S. at 319. Circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor. Guevara v. State, 152
S.W.3d 45, 49 (Tex.Crim.App. 2004). Furthermore, the standard of review is the same for
both direct and circumstantial evidence. Id.

 Appellant's sole contention is that, as there was no testimony of actual contact of
appellant's mouth with Moore's daughter's vaginal area nor direct digitally recorded
evidence clearly showing contact, the evidence was insufficient to prove each element of
the offense of aggravated sexual assault of a child. (1) However, the police officer who
reviewed the tape, Moore, and the victim all testified that it appeared that appellant's mouth
contacted the victim's vagina. Further, the jury also had the opportunity to view the digital
recording. Though the evidence is circumstantial, the State presented evidence to the jury
covering all the elements of the offense. Viewing the evidence in light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. We conclude that the verdict is based on legally sufficient
evidence.

 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v.
State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the
evidence may be factually insufficient. First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a reasonable
doubt. Id. Second, considering all of the evidence, both for and against the verdict, the
contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could
not have been met. Id. at 484-85. In performing a factual sufficiency review, we are to give
deference to the fact finder's determinations involving the credibility and demeanor of
witnesses. Id. at 481. We may not substitute our judgment for that of the fact finder unless
the verdict is clearly wrong or manifestly unjust. See id. at 481-82. An opinion addressing
factual sufficiency must include a discussion of the most important and relevant evidence
that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003).

 Moore testified that her suspicions were raised by appellant's interaction with her
daughter and that the camera recorded appellant touching her daughter during the middle
of the night. Further, the jury was able to review the condensed recording and were able
to evaluate appellant's actions and intentions. Appellant contends that the evidence is too
weak to prove beyond a reasonable doubt that his mouth came in contact with the victim's
vagina. Specifically, appellant points to cross examination where the witnesses testified
that they could not actually see appellant's mouth coming into contact with Moore's
daughter's vaginal area. Appellant further contends that the digital recording fails to clearly
show his mouth on Moore's daughter's vagina, and thereby concludes that the State failed
to sufficiently prove all the elements of the offense. Although the digital recording which
recorded from above the victim's bed did not have an angle that could clearly show
appellant's mouth contacting the victim's vagina, the recording did show appellant moving
aside the victim's shorts before moving his head toward the victim's midsection. Viewing
the recording of appellant's actions at night while the victim was asleep, the jury could have
concluded that his actions were consistent with the alleged offense. Since the jury's
judgment is not clearly wrong or manifestly unjust, we will defer to the jury's determination
and conclude that the evidence is not so weak as to fail to support the verdict beyond a
reasonable doubt. See Zuniga, 144 S.W.3d at 481. After reviewing all the evidence in a
neutral light, and giving deference to the jury's determinations involving the credibility and
demeanor of witnesses, see id. at 481, we conclude that the jury was rationally justified in
finding defendant guilty beyond a reasonable doubt. See id. at 484. We conclude that the
trial court did not err in denying appellant's request for a directed verdict for insufficient
evidence.

Conclusion


 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

 Justice





 


Do not publish. 
1. Appellant was charged with aggravated sexual assault by "intentionally and
knowingly caus[ing] the sexual organ of . . . [the] child who was then and there younger
than 14 years of age, and not the spouse of the said defendant, to contact the mouth of 
the said defendant." See Tex. Penal Code Ann. § 22.0211 (Vernon Supp. 2005).